UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 19-050-DCR-2 |
| | ) | |
| V. | ) | |
| | ) | |
| RONALD MARK HARRISON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant Ronald Mark Harrison has filed a second motion for compassionate release or for a sentence reduction pursuant to 18 U.S.C. § 3582(c).  [Record No. 181]  In support, he again suggests that his medical conditions place him at an increased risk of severe COVID-19 infection.   In fact, Harrison states (and his medical records confirm) that he recently experienced a symptomatic COVID-19 infection.  [*Id.*; Record No. 185]  Fortunately, he made a full recovery.  Harrison's motion will be denied because his concerns are largely mooted by his recent infection and because he has failed to otherwise satisfy the requirements of Section 3582(c).

Harrison is serving a 33-month term of imprisonment for two violations of 18 U.S.C. § 922(a)(6), which makes it unlawful "for any person in connection with the acquisition or attempted acquisition of any firearm . . . knowingly to make any false or fictitious oral or written statement . . . intended or likely to deceive" the seller "with respect to any fact material to the lawfulness of the sale . . . ."  Harrison pleaded guilty to obtaining numerous firearms under the guise of a true purchaser when, in fact, the firearms were being purchased with funds

furnished by a co-defendant, Lawrence Westbrook III, who was legally prohibited from purchasing firearms. [Record No. 1, 30] Harrison was compensated by Westbrook with drugs. The scheme provided Westbrook with firearms to carry on a drug-trafficking operation and a myriad other criminal activities. Harrison's expected release date is March 28, 2022.[1]

Section 3582(c) allows a court to modify a term of imprisonment where, as relevant here,

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, [and] after considering the factors set forth in section 3553(a) to the extent that they are applicable, [the Court] finds that--(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C.A. § 3582(c)(1)(A). When a defendant such as Harrison satisfies the exhaustion requirement,[2] a court "face[s] two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction." *United States v. Hampton*, --- F.3d ---, No. 20-3649, 2021 WL 164831, at *1 (6th Cir. Jan. 19, 2021).

As mentioned, Harrison previously moved for a sentence reduction on June 22, 2020. [Record No. 175] He contended that his medical conditions rendered the threat of COVID-19 infection an extraordinary and compelling reason for a sentence reduction. [*Id.*] The undersigned consulted United States Sentencing Guideline § 1B1.13, which contains

---

[1]     *Inmate Locator,* FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed Feb. 17, 2021).

[2]     Harrison requested a sentence reduction from his facility on May 19, 2020, and the United States acknowledged that he satisfied the exhaustion requirement. [Record Nos. 183, pp. 2-3; 183-1]

application notes for implementing Section 3582(c).  *See* 28 U.S.C.A. § 994(t).  Although a defendant's medical conditions may justify a reduction in some circumstances, the Court noted that Harrison's "medical history does not include a terminal illness and he has not alleged that he is unable to provide self-care within the environment of a correctional facility."  [Record No. 176, p. 3]  Thus, under the applicable policy statements, Harrison's medical condition was not an extraordinary and compelling reason for a sentence reduction.  [*Id.*]

Since Harrison last moved for a sentence reduction, the Sixth Circuit has "issued a series of opinions articulating how district courts, following enactment of the First Step Act, should analyze defendant-filed motions seeking release under § 3582(c)(1)(A)."  *Hampton*, 2021 WL 164831, at *1.  Importantly, it has held that district courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."  *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020); *see also United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) ("[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative.").  Moreover, courts have a duty to "consider all relevant § 3553(a) factors before rendering a compassionate release decision."  *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020).  And where any of the "prerequisites listed in § 3582(c)(1)(A) is lacking," the motion must be denied.  *Elias*, 984 F.3d at 519; *United States v. Navarro*, --- F. 3d ---, No. 20-5640, 2021 WL 287756, at *2 (6th Cir. Jan. 28, 2021).

Harrison has failed to show that extraordinary and compelling reasons support a sentence reduction.  His letter, postmarked January 25, 2021, states that he was experiencing symptoms after a positive COVID-19 test.  [Record No. 181, p. 1]  He further contended that his condition was worsening, leading to fears that his prior medical conditions would

complicate any potential recovery.  [*Id.*]  In exercising its discretion to define extraordinary and compelling reasons, the undersigned generally begins with the relevant policy statements. As the Court previously reminded Harrison, he may be entitled to a reduction if his medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13 cmt. n.1(A); [Record No. 176, pp. 2-3].  Concerning Harrison's underlying medical conditions, the Court reaches the same conclusion as it did previously: these conditions are not "so serious that [they] cannot be adequately addressed in BOP custody."  *United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020); *see also United States v. Ortiz*, 2021 WL 141787, at *2 (E.D. Ky. Jan. 14, 2021).

Moreover, Harrison's recent COVID-19 infection is not a reason for a sentence reduction.  This Court has implied that an active, symptomatic COVID-19 infection *could* constitute a reason for a sentence reduction.  *See, e.g., United States v. Martin*, 2021 WL 134602, at *3 (E.D. Ky. Jan. 13, 2021) (denying a reduction where a defendant failed to "allege that he ha[d] been exposed, infected, or exhibited symptoms" of COVID-19); *United States v. Watts*, 2020 WL 6937442, at *3 (E.D. Ky. Nov. 24, 2020) (same).  However, a COVID-19 infection is not a *per se* extraordinary and compelling reason for a sentence reduction.  *United States v. Rice*, 2021 WL 141690, at *2 (E.D. Ky. Jan. 14, 2021).  This is because releasing an individual infected with COVID-19 could deprive them of continuity of medical care and "jeopardize[] the health and safety of the defendant's family, United States Marshals responsible for transportation, United States Probation Officers supervising release, and the public at large."  *Id.* (citing *United States v. Ramadan*, 2020 WL 5758015, at *2 (6th Cir. 2020)).  These concerns take on additional importance where, as here, an infection is ultimately

- 4 -

resolved without medical complication.  [*See* Record No. 185, pp. 640, 866.]  Moreover, as the Government points out, Harrison may enjoy some level of immunity from COVID-19 for a period of time.[3]  [Record No. 183, p. 5]  Therefore, he has failed to demonstrate that extraordinary and compelling reasons support reducing his sentence.[4]

But even if Harrison's medical condition constituted an extraordinary and compelling circumstance, the considerations listed in 18 U.S.C. § 3553(a) preclude release.  His middle-of-the-Guidelines-range sentence continues to reflect the seriousness of his offense.  On more than one occasion, Harrison served as a source for Westbrook to collect guns to commit a number of crimes.  The sentence was – and remains – necessary to reflect the seriousness of the conduct, afford adequate deterrence to future criminal conduct, and protect the public.  [*See* Record No. 140, pp. 24-26.]  Harrison now expresses remorse for his crimes and requests a chance to return home prior to the expiration of his sentence.  [Record No. 181] The undersigned previously acknowledged that the sentence would "present a hardship certainly for [Harrison's] family," but that was a hardship Harrison inflicted himself.  [*Id.* at p. 25] That he now realizes the impacts of his conduct is not a reason for a sentence reduction.

---

[3]     *See Decline in SARS-CoV-2 Antibodies After Mild Infection Among Frontline Health Care Personnel in a Multistate Hospital Network*, Morbidity and Mortality Weekly Report, CENTERS FOR DISEASE CONTROL AND PREVENTION (Nov. 17, 2020), https://www.cdc.gov/mmwr/volumes/69/wr/mm6947a2.htm.

[4]     Harrison also resides at a facility that is inoculating inmates and staff.  The BOP is presently working with the CDC and a public-private partnership established by the federal government, known as Operation Warp Speed, to ensure that the BOP remains prepared to administer the COVID-19 vaccine to inmates as soon as it is available.  To date, nearly 400 doses of vaccine have been distributed at FMC Lexington.  *Covid-19 Coronavirus*, FEDERAL BUREAU OF PRISONS (updated Feb. 17, 2021), https://www.bop.gov/coronavirus/.

Accordingly, it is hereby

**ORDERED** that Defendant Ronald Mark Harrison's motion for a sentence reduction or for compassionate release [Record No. 181] is **DENIED**.

Dated:  February 17, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 6 -